IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF KANSAS

INTER-OCEAN SEAFOOD TRADER, INC.,

    Plaintiff,

v.

RF INTERNATIONAL, LTD.,

    Defendant.

Case No. **2:12-CV-02268-KGG**

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO ATTEND MEDIATION

Pursuant to Local Rules 7.1(a) and 7.6, the plaintiff, Inter-Ocean Seafood Trader, Inc. ("Inter-Ocean"), files this memorandum in support of its motion for sanctions against the defendant, RF International, Ltd. ("RF"), for failure to attend mediation.

***(1) Statement of the Nature of the Matter before the Court.***

This is an action pled in contract and negligence. Inter-Ocean is a seafood importer that contracted with RF, a customs broker, to handle the importation of two containers of frozen shrimp through the port in San Francisco, California. This case was brought as a result of various failures by RF's personnel, which resulted in the rejection of the containers by the FDA, causing Inter-Ocean to incur the expenses of exporting of the containers and importing new containers, and a loss in covering the shipment because of the drop in the price of shrimp. This case was originally filed in California, but it was transferred because RF mandated Kansas as the forum for disputes in a clause on the back of its documents, even though the parties and witnesses are all located in California, where the contract was entered and the events transpired.

The motion before the Court seeks attorney fees, expenses and such other sanctions as this Court deems appropriate, because RF failed to send a representative with authority to a mediation scheduled by the parties in accordance with this Court's order dated August 22, 2012 [Doc. 74].

### *(2) Concise Statement of the Facts.*

On August 22, 2012, this Court entered an order requiring the parties to mediate this case no later than November 19, 2012.  The order was in concert with the Report of Parties' Planning Conference submitted on August 16, 2012, which provided, in part:  The parties have agreed on the following ADR procedure, which will be accomplished by:  **Early Neutral Evaluation (ENE) with agreed upon Neutral previously appointed in California on or before November 19, 2012.**"  [Exhibit A, p. 5].  The parties agreed to mediate the case at noon on Monday, November 5, 2012, with James Tamulski, the neutral who had been appointed to mediate this dispute when it was pending in California.

On September 25, 2012, Inter-Ocean's counsel called RF's attorney in New Orleans to determine whether RF would agree to negotiate a settlement in the case prior to the scheduled mediation, so as to avoid the expense of travel, attorney fees and the mediator's fee.  Alternatively, Inter-Ocean's attorney inquired whether RF's representative at the mediation would have settlement authority in excess of the previously offered amount, so as to determine whether the parties should approach the Court to seek leave not to incur the expense of the mediation.  RF's counsel never advised the Inter-Ocean of RF's position.  On October 29, 2012, Inter-Ocean's attorney sent a status request by email to RF's New Orleans attorney; the response back was only, "See you there."  [Exhibit B].

2

Inter-Ocean's counsel traveled to San Francisco on Sunday, November 4, 2012, so as to avoid the possibility of weather delays. RF's counsel required the mediation to be moved back to accommodate his flight schedule, since he flew to San Francisco on Monday, November 5. John Chen, the president of Inter-Ocean, took several hours off of work and appeared for the mediation along with Inter-Ocean's lawyer. RF's counsel appeared by himself, without a representative from his client or his client's insurance company. What transpired during the ensuing two and a half hours is the subject of a confidentiality agreement; but the defendant was not present with settlement authority, it made no offer, and the case was not settled. RF's counsel told Mr. Chen and Inter-Ocean's lawyer that he would advise of the insurance company's intentions within 48 hours. Inter-Ocean's attorney stayed a second night in San Francisco and flew back to Kansas City on Tuesday, November 6.

Wednesday, November 7 passed without word from RF's counsel. On November 8, Inter-Ocean's counsel emailed RF's lawyer advising him of Local Rule 16.3 and RF's violation of the Rule, and demanded that the case be resolved. [Exhibit C]. In part, the subsequent exchange of emails discussed what was said during the "mediation" to which the confidentiality agreement applies; and therefore the emails are not attached.

Inter-Ocean incurred the following expenses as a result of the mediation:

| | |
|---|---|
| Attorney fees (21.4 hours @ $200.00/hour) | $4,180.00 |
| Airfare | $ 674.20 |
| Hotel and Meals | $ 658.10 |
| Public transportation to and from SFO | $ 16.50 |
| Airport parking in KC | $ 26.24 |
| **SUB-TOTAL** | **$5,555.04** |

Additionally, Inter-Ocean has incurred the following attorney fees attendant to addressing this issue, either by communication with RF's attorneys, or by preparation of this motion:

3

<u>Attorney fees (5.5 hours @ $200.00/hour)</u>     $1,100.00

**TOTAL ATTORNEY FEES AND EXPENSES    $6,555.04**

*(3) Statement of the Question Presented.*

Should RF be sanctioned for violating the Court's order and rules requiring parties with settlement authority to attend mediation, and in what amount?

*(4) Argument.*

The Court ordered the parties to mediate this case. Further, the parties were the masters of their own fate – they agreed to mediate, they advised the Court of how they would select the mediator, and they selected the mediation deadline, which was adopted by the Court. When the Court orders mediation, the parties' obligations are clear:

> *Attendance at Mediation Session by Persons With Settlement Authority.* **Attendance by a party or its representative with settlement authority at the mediation is mandatory**, unless the court orders otherwise. The purpose of this requirement is to have the party or representative who can settle the case present at the mediation…. The parties' attorney(s) responsible for resolution of the case *must also* be present.

D.Kan. Rule 16.3(c)(2)(emphasis supplied). "Unless the parties agree, only the court may excuse the presence of a person with settlement authority from attending the mediation in person." D.Kan. Rule 16.3(c)(4). "In appropriate circumstances, the court may impose sanctions pursuant to Fed.R.Civ.P. 16(f)." D.Kan. Rule 16.3(c)(5).

In *Turner v. Young*, Magistrate Judge O'Hara considered a less-specific, prior version of Local Rule 16.3. He clarified the local rule in the following manner:

> The undersigned also wishes to clarify what, precisely, is meant by "[a]ttendance by a party representative with settlement authority." ***"Attendance" means to appear in person and participate directly, not to stand by or participate by telephone.*** "[S]ettlement authority" means full, meaningful, authority. A person with settlement authority does not need to pick up the phone to call anyone else to find out whether he or she can go higher or lower. A person with settlement authority is "the" decisionmaker.

4

> He or she is the person who has authority to meet the other party's demand, even if he or she chooses not to.

*Turner v. Young*, 205 F.R.D. 592, 595 (D.Kan. 2002)(emphasis supplied). Noting his reluctance to issue sanctions because of an absence of precedent, the Magistrate Judge O'Hara stated: "In the future, however, this particular magistrate judge will expect all parties to be on notice that failure to abide by these guidelines will be regarded as exhibiting a lack of good faith, and could warrant sanctions under Fed.R.Civ.P. 16(f)." *Id*.[1]

The court submitted its opinion for publication to ensure attorneys and litigants would be aware of the court's expectations. The court closed not only with its own expectations, but the reasonable expectations of parties who attend mediations:

> ***Any party that devotes its time, resources, and efforts to send an authorized representative to a mediation session should be able to expect the same courtesy from all other parties.*** Of course, the court cannot, nor will it, force parties to settle. However, the court can ensure that, when appropriate, the parties put forth their best efforts to engage in meaningful settlement negotiations.

*Id*. at 596 (emphasis supplied).

RF's violation of the Court's order and local rule is patent:

- The Court ordered the parties to mediation.

- The parties agreed on a time and place for the mediation.

- The Court did not excuse any party from attending the mediation.

- Inter-Ocean obeyed the Court's order and local rule by sending its president and its lead counsel to the mediation.

---

[1] Similarly, sending an attorney to "speak for" a corporation is inadequate. *See G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 656 (7th Cir. 1989)(noting a "clearly drawn" distinction between an attorney representing a corporation and a corporate representative, and deciding that "a corporate representative is a person holding 'a position with the corporate entity.'").

5

- RF violated the Court's order by failing to send a representative with settlement authority to the mediation.

RF's bad faith is made all the more apparent by its choice to ignore Inter-Ocean's efforts to lessen the expense of mediation. Five weeks prior to the mediation, Inter-Ocean's counsel attempted either to start negotiations or to determine whether the mediation was likely to be productive. On October 29, 2012, Inter-Ocean's counsel confirmed:

> I never heard back from you in response to our telephone conversation last month regarding settlement. I made two inquiries – First, would your client like to cut mediation costs by negotiating ahead of the mediation. I suppose we can assume the answer to this question is "no." Second, is your client going to be willing to offer significantly more than its current offer of $42,000 at mediation.[sic] Since I have not heard back, I assume the answer is "yes."
>
> These requests were made with a view to reducing attorney fees and travel costs (or rendering them unnecessary). Having not heard from you, I will make my travel arrangements.

RF's counsel managed a three-word response: "See you there."

At no time did RF's counsel warn Inter-Ocean that RF did not intend to send a representative with settlement authority to the mediation. Certainly, timely notice would have allowed the parties to approach the Court for guidance. Instead, RF made the unilateral decision to violate the Court's order and local rules.

The damage done to Inter-Ocean by RF's unilateral decision was obviously foreseeable. Inter-Ocean paid its lead counsel, the attorney "responsible for resolution of the case," to travel to San Francisco and attend the mediation. Unfortunately, Inter-Ocean's money, spent in good faith and on reliance that RF would obey the Court's order, was spent in vain. Inter-Ocean spent its money on its attorney's time and travel after being told RF would "see you there"; and yet, it did not: RF simply did not show up.

Respectfully submitted,

**CORONADO KATZ LLC**

/s/  Mark D. Katz
Mark D. Katz
mark@coronadokatz.com
Kansas Bar Number:  12745
Lawrence E. Nordling
larry@coronadokatz.com
Kansas Bar Number:  19299
14 West Third Street, Suite 200
Kansas City, MO  64105
Telephone:   (816) 410-6600
Facsimile:    (816) 337-3892

and

Timothy S. O'Hara
ohara.tim@sbcglobal.net
1611 Borel Place, Suite 6
San Mateo, CA  94402
Telephone:   (650) 212-1800
Facsimile:    (650) 212-1801

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE BY MAIL

I hereby certify that the above and foregoing document was served on the parties herein on November 13, 2012 by the notice of electronic filing automatically generated by the Court's electronic filing system and by depositing the document in the U.S. Mail, first class postage prepaid, addressed to all counsel of record in the following manner:

| | |
|---|---|
| J. Philip Davidson | Andrew de Klerk |
| Paul J. Skolaut | Brandon K. Thibodeaux |
| Hinkle Law Firm, LLC | Frilot LLC |
| 301 North Main Street, Suite 2000 | 1100 Poydras Street, Suite 3700 |
| Wichita, Kansas 67202 | New Orleans, Louisiana 70163 |

ATTORNEYS FOR RF INTERNATIONAL, LTD.

/s/  Mark D. Katz
Attorney

7