(Rev. 6/20/12)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

INTEROCEAN SEAFOOD TRADER, INC, )
)
Plaintiff, )
)
v. )           Case No. 12-2268-KGG
)
RF INTERNATIONAL, LTD., )
)
Defendant. )

## REPORT OF PARTIES' PLANNING CONFERENCE

1.  **Rule 26(f) Conference.** Pursuant to Fed. R. Civ. P. 26(f), a discovery and case management conference was held on **July 30, 2012**, and was attended by Lawrence E. Nordling of Coronado Katz LLC for plaintiff, and Andrew de Klerk and Brandon K. Thibodeaux for defendant.

2.  **Preliminary Matters.**

    a.  The following persons will appear at the upcoming Rule 16(b) scheduling conference with the court:

        For Plaintiff:

        Mark D. Katz and/or Lawrence E. Nordling of Coronado Katz LLC,
            who both may be reached at (816) 410-6524.
        Timothy O'Hara, who may be reached at (650) 212-1800.

        For Defendant:

        Andrew de Klerk and Brandon K. Thibodeaux of Frilot LLC,
            who both may be reached at (504) 599-8010
        Paul J. Skolaut of Hinkle Law Firm LLC who may be reached at
            (316) 660-6220

    b.  The parties provide the following information regarding themselves and their counsel:



PLAINTIFF'S
EXHIBIT
A
PENGAD-Bayonne, N. J.

(Rev. 6/20/12)

Inter-Ocean Seafood Trader, Inc.
1200 Industrial Rd. #12
San Carlos, CA  94070
(650) 595-0691
*Plaintiff*

Mark D. Katz
Coronado Katz LLC
14 W. Third Street, Suite 200
Kansas City, MO 64105
(816) 410-6524 (work – direct line)
(816) 560-5825 (cell)
(816) 337-3892 (facsimile)
(816) 333-7702 (home)
Email: mark@coronadokatz.com
Home Mailing Address:  6810 Main Street, Kansas City, MO 64113
*Attorney for Plaintiff Inter-Ocean Seafood Trader, Inc.*

Lawrence E. Nordling
Coronado Katz LLC
14 W. Third Street, Suite 200
Kansas City, MO 64105
(816) 410-6558 (work – direct line)
(816) 589-8254 (cell)
(816) 337-3892 (facsimile)
(913) 499-6154 (home)
Email: larry@coronadokatz.com
Home Mailing Address:  3508 W. 53rd Street, Roeland Park, KS 66205
*Attorney for Plaintiff Inter-Ocean Seafood Trader, Inc.*

Timothy S. O'Hara
Attorney at Law
1611 Borel Place, Suite 6
San Mateo, CA 94402-3504
(650) 212-1800 (work)
(650) 576-7502 (cell)
(650) 574-7403 (home)
Email: ohara.tim@sbcglobal.net
Home Mailing Address:  146 Port Royal, Foster City, CA 94404
*Attorney for Plaintiff Inter-Ocean Seafood Trader, Inc.*

(Rev. 6/20/12)

Defendant RF International Ltd.
Sydney Song
400 Oyster Point Blvd, Suite 309
South San Francisco, CA  94080
(650) 589-8150 (office)
(650) 589-2524 (facsimile)
Email:  sydney.song@pacer.com

Paul J. Skolaut
Hinkle Law Firm LLC
301 North Main Street, Suite 2000
Wichita, KS  67202-4820
(316) 267-2000 (office)
(316) 660-6220 (direct)
(316) 264-1556 (facsimile)
(316) 833-1196 (cell)
Email: jskolaut@hinklaw.com
*Attorney for Defendant RF International, Ltd.*

J. Phillip Davidson
Hinkle Law Firm LLC
301 North Main Street, Suite 2000
Wichita, KS  67202-4820
(316) 267-2000 (office)
(316) 660-6220 (direct)
(316) 264-1556 (facsimile)
(316) 644-1455 (cell)
Email: pdavidson@hinklaw.com
*Attorney for Defendant RF International, Ltd.*

Andrew de Klerk
Frilot LLC
1100 Poydras Street, Suite 3700
New Orleans, Louisiana  70163
(504) 599-8010 (work)
(504) 599-8110 (facsimile)
(504) 442-5927 (cell)
(504) 442-5927 (home)
Email: adeklerk@frilot.com
Home Mailing Address:  4211 Vincennes Place, New Orleans, LA  70125
*Attorney for Defendant RF International, Ltd.*

(Rev. 6/20/12)

Brandon K. Thibodeaux
Frilot LLC
1100 Poydras Street, Suite 3700
New Orleans, Louisiana  70163
(504) 599-8253 (work)
(504) 619-4985 (fax)
(337) 258-9107 (cell)
Email: bthibodeaux@frilot.com
Home Mailing Address:  18435 E. Louisiana Highway 330, Erath, LA
70533
*Attorney for Defendant RF International, Ltd.*

c.     The parties jointly submit the following case summary:

This case involves a contract and tort dispute regarding the importation of two containers of shrimp.  Subject matter jurisdiction is conferred by 28 U.S.C. § 1332.

Plaintiff Inter-Ocean contends the FDA held Inter-Ocean's shipment and required it to be tested by a private service, which takes considerable time.  Inter-Ocean requested RF to ask the FDA to extend the period of the hold, and RF promised Inter-Ocean it would timely make such requests.  RF subsequently breached its fiduciary duty by failing to make a timely request for an extension.  The hold expired, and the FDA refused to allow Inter-Ocean to import the shipment.  Inter-Ocean had to export the shipment and mitigate its damages.  After mitigation, it still suffered damages due to RF's negligence.  Plaintiff Inter-Ocean further contends that before these events occurred, RF's directors, officers and/or managing agent knew that its policies and procedures for importing foods subject to FDA regulations were inadequate.  Moreover, RF knew that it failed to train and supervise its employee.  The employee had misidentified a shipment, failed to notify customs of the correct source of Inter-Ocean's shrimp, and erroneously included ocean freight charges as part of Inter-Ocean's dutiable cargo.  All these facts demonstrate a reckless disregard for the rights of Inter-Ocean.   As a result of RF's gross negligence, the FDA refused Inter-Ocean's shipment, and Inter-Ocean suffered damages.

Defendant contends that on December 28, 2010, Inter-Ocean and RF entered into an agreement whereby RF would facilitate the importation of two containers of shrimp from Indonesia.  RF further contends Inter-Ocean executed a Power of Attorney for Customs and Forwarding Agent in favor of RF on December 28, 2010.  This document stated in pertinent part "Grantor [Inter-Ocean] hereby acknowledges receipt of RF International, Ltd., its heirs and assigns, Terms and Condition of Service, which are *hereby incorporated by reference and shall govern all transactions between the parties*." *Emphasis added.*  After executing this document, Inter-Ocean began the process of importing the subject containers of shrimp from Indonesia.  Inter-Ocean incorrectly identified the aquaculture facility from which the two containers of shrimp originated.  This misidentification led to an FDA hold on the importation of the shrimp.  As a result of Inter-Ocean's error, the FDA

4

(Rev. 6/20/12)

refused entry of the shrimp.   Inter-Ocean was eventually forced to export the two containers of shrimp back to Indonesia.  Inter-Ocean blames RF for the re-exportation of the shrimp.

3.      **Plan for Alternative Dispute Resolution (ADR).**

a.      Plaintiff shall submit to defendant a written, good faith settlement proposal by **September 7, 2012**.  By **September 14, 2012**, defendant shall make a written, good faith response to such proposal, either accepting it or submitting a good faith counterproposal to settle the case.   By **September 21, 2012**, the parties shall send confidential reports to the magistrate judge, stating the efforts to settle the case, current evaluations of the case, views concerning future settlement negotiations, prospects for settlement, a specific recommendation regarding mediation and/or any other ADR method, and an indication (preferably jointly) concerning who has been selected by the parties to serve as a mediator or other neutral in an ADR process.

b.      To date, the parties have engaged in the following good faith efforts to resolve this matter: **The parties previously exchanged a prior settlement demand and counter-proposal, and selected an agreed upon Neutral to conduct an Early Neutral Evaluation.**

c.      The parties have agreed on the following ADR procedure, which will be accomplished by: **Early Neutral Evaluation (ENE) with agreed upon Neutral previously appointed in California on or before November 19, 2012.**

4.      **Plan for Pre-Discovery Disclosures.**  The parties shall exchange by **August 14, 2012** the information required by Fed. R. Civ. P. 26(a)(1).

5.      **Plan for Discovery.**   The parties jointly propose to the court the following discovery plan:

a.      All discovery shall be commenced or served in time to be completed by **February 22, 2013.  The parties request six (6) months for discovery due to the geographic location of many of the pertinent witnesses and documents being located in the State of California.  Additionally, the parties anticipate the potential of additional legal matters which may need to be commenced within the state of California to compel discovery from the Food and Drug Administration (FDA), including, but not necessarily limited to the production of documents and compelling the attendance of FDA personnel for depositions.**

(Rev. 6/20/12)

b.   The parties **intend** to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

c.   One or more of the parties anticipate the following problem(s) in discovery, which should be discussed with the court and, if possible, resolved at the scheduling conference:

**Multiple witnesses & documents located in California, as well as the potential for additional legal matters which may need to be commenced in California to compel discovery from the FDA. Resolved by mutually agreeing to extend discovery for six (6) months, as opposed to four (4) months.**

d.   Disclosure or discovery of electronically stored information (ESI) should be handled as follows:

**Counsel have discussed ESI and the parties agree to segregate and preserve information in order to attempt to avoid accusations of spoliation. By letter dated October 19, 2011, Mr. O'Hara, plaintiff's counsel, requested defendant identify and preserve all hard copies and digital evidence that may be relevant to the claim or which may lead to the discovery of relevant evidence, including, but not limited to e-mails and records of telephone calls. Such letter requested digital records be preserved as "bit-stream" copies, and notified defendant that mere backing up of the records is not adequate preservation. Such letter further requested defendant to suspend any document retention policy as it relates to discoverable data, and any files which may already have been deleted should immediately be undeleted. A copy of the October 19, 2011 letter from Mr. O'Hara was also provided to defendant's counsel with a correspondence dated December 8, 2011 to insure defendant's counsel was aware of the prior requests made on October 19, 2011.**

**At this time, counsel do not anticipate any issues with respect to "embedded data" or "metadata", nor do counsel anticipate that any responsive ESI is in a format which is not readily accessible. However, should this position change, counsel agree to discuss (1) the burdens and costs of accessing and retrieving the information, (2) the needs that may establish good cause for requiring production of all or part of the information, even if the information sought is not reasonably accessible, and (3) conditions on obtaining and producing this information such as scope, time, and allocation of cost.**

(Rev. 6/20/12)

e.     The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

**Counsel have discussed what will happen in the event privileged or trial preparation materials are inadvertently produced.   Counsel acknowledge that if the disclosing party inadvertently produces privileged or trial preparation materials, it must notify the requesting party of such disclosure. After the requesting party is notified, it must return or destroy all information and copies of such information, and may not use or disclose the information until the claim of privilege or protection as trial preparation materials is resolved.   In conjunction with the return or destruction of the information, the requesting party to whom the information was inadvertently produced must provide a signed Certification of Return or Certification of Destruction, as the case may be, which certifies ALL of the inadvertently produced information has been returned or destroyed. Counsel for the parties agree that the privileged or protected nature of such materials or information inadvertently disclosed will not be deemed waived so as the responding party identifies the materials mistakenly or inadvertently produced.**

f.     Discovery is needed on the following specific subjects:

   *i.*   **Discovery of the knowledge held and communications made by the parties' representatives.**
   *ii.*  **Discovery on the performance and level of training and supervision of defendant's employees as necessary for proof of gross negligence and/or reckless disregard.**
   *iii.* **Discovery of the knowledge held and communications made by the parties' representatives with representatives of the U.S. Food and Drug Administration (FDA).**
   *iv.*  **Discovery of the revenues and assets of defendant and the identities of other agents, officers and directors of defendant who have knowledge of defendant's policies and procedures and/or the training, supervision and/or prior discipline of Sydney Song.**

   *v.*   *[list].*

g.     Maximum of **30** interrogatories, including all discrete subparts, by each party to any other party.

7

(Rev. 6/20/12)

h.   Maximum of **20** depositions by plaintiff and **20** by defendant.

i.   Each deposition shall be limited to no more than **ten (10)** hours.

j.   Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by **November 30, 2012**, and by defendant by **January 11, 2013**. Disclosures and reports by any rebuttal experts shall be served by **January 25, 2013.**

k.   The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case. In any event, all Rule 35-examinations shall be completed by **January 21, 2013.**

l.   Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served **40 days before the deadline for completion of all discovery.**

m.   The parties agree that there is a need for some discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order by **August 31, 2012**. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by **September 10, 2012.**

6.   **Deadlines for Amendments and Potentially Dispositive Motions.**

a.   Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **September 14, 2012.**

b.   Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed by **September 28, 2012.**

c.   All other potentially dispositive motions shall be filed on or before **fourteen (14) days after the Final Pretrial Conference.**

8

(Rev. 6/20/12)

d.    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than **Twenty-Eight (28) days before trial**.

7.    **Other Items.**

a.    By **December 14, 2012**, any party asserting comparative fault shall identify all persons or entities whose fault is to be compared.

b.    The parties do not request a status conference prior to the final pretrial conference, in order to discuss the following subjects:

c.    The parties request that the court hold the final pretrial conference in **March of 2013.**

d.    The case should be ready for trial by approximately **July, 2013**. At the present time, trial is expected to take approximately **five (5) days**.

e.    The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time, or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.

f.    Other matters.

Date: ___08-16-12___

**CORONADO KATZ LLC**

By: ____Mark D. Katz____
Mark D. Katz    KBN  12745
Lawrence E. Nordling KBN  19299
14 W. Third Street, Suite 200
Kansas City, MO 64105
Telephone:    (816) 410-6524
Facsimile:    (816) 337-3892
Email: mark@coronadokatz.com
        larry@coronadokatz.com
Attorneys for Plaintiff Inter-Ocean
  Seafood Trader, Inc.

And

9

(Rev. 6/20/12)

Timothy S. O'Hara
Attorney at Law
1611 Borel Place, Suite 6
San Mateo, CA 94402-3504
(650) 212-1800 (work)
Email: ohara.tim@sbcglobal.net


By: s/ Paul J. Skolaut
J. Philip Davidson, KS 14642
pdavidson@hinklaw.com
Paul J. Skolaut, KS 22143
jskolaut@hinklaw.com
HINKLE LAW FIRM LLC
301 North Main Street, Suite 2000
Wichita, Kansas 67202
Tel:  (316) 267-2000 (office)
Tel:  (316) 660-6205 (JPD direct)
Tel:  (316) 660-6220 (PJS direct)
Fax:  (316) 264-1556
Attorneys for Defendant RF International, Ltd.

And

Andrew de Klerk
adeklerk@frilot.com
Brandon K. Thibodeaux
bthibodeaux@frilot.com
FRILOT LLC
1100 Poydras Street, Suite 3700
New Orleans, Louisiana  70163
Tel:  (504) 599-8010 (work)
Fax:  (504) 599-8110
Attorneys for Defendant RF International, Ltd.