# Mark Katz

| | |
|---|---|
| From: | Mark Katz |
| Sent: | November 08, 2012 11:23 AM |
| To: | adeklerk@frilot.com |
| Cc: | Larry Nordling (larry@coronadokatz.com); ohara.tim@sbcglobal.net; Paul Skolaut (jskolaut@hinklaw.com); pdavidson@hinklaw.com |
| Subject: | Inter-Ocean Seafood Trader v. RF International |

Dear Andrew:

When last we spoke, I understood you would get back to me with the insurance company's intentions by close of business yesterday.

As you know, my client went to great expense to have me present at the mediation. Neither your client nor its insurance company chose to attend the mediation, and they were not available by telephone or any other means. Nobody with settlement authority was present on behalf of RF or its insurance company. Local rules, in particular D.Kan. Rule 16.3, speak to this issue:

1. "Attendance by a party or its representative with settlement authority at the mediation is mandatory, unless this court orders otherwise. The purpose of this requirement is to have the party or representative who can settle the case present at the mediation." D.Kan. Rule 16.3(c)(2).
2. "Unless all parties agree, only the court may excuse the presence of a person with settlement authority from attending the mediation in person." D.Kan. Rule 16.3(c)(4).
3. "In appropriate circumstances, the court may impose sanctions pursuant to Fed.R.Civ.P. 16(f)." D.Kan. Rule 16.3(c)(5).

By failing to appear at the mediation, your client violated both the court order and the local court rule. Considering my client's outlay in attorney fees and travel expenses, and my efforts to eliminate those costs by calling you and emailing you to determine whether we could settle the case in the weeks before the mediation and whether your client's representative would have authority beyond what was previously offered, I can make a compelling case for sanctions.

If the case is not resolved today, I will recommend my client authorize me to prepare and file a motion for sanctions. I expect to request attorney fees and expenses in the neighborhood of $6,000, in addition to whatever other sanction the court might choose to impose. Fed.R.Civ.P. 16(f) ["Instead of or in addition to any other sanction, the court must order the party, its attorney or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance …."].

Regards,

Mark

**Mark D. Katz**
(816) 410-6524 – direct
(816) 560-5825 – cell
mark@coronadokatz.com



PLAINTIFF'S EXHIBIT C

1



14 West Third Street, Suite 200
Kansas City, Missouri 64105
(816) 410-6600 – general
(816) 337-3892 – fax
www.coronadokatz.com