IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| INTER-OCEAN SEAFOOD TRADER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RF INTERNATIONAL, LTD.,<br><br>Defendant. | Case No. 2:12-CV-02268-KGG |

**DEFENDANT RF INTERNATIONAL LTD.'S RESPONSE AND MEMORANDUM IN OPPOSITION TO PLAINTIFF INTER-OCEAN SEAFOOD TRADER, INC.'S MOTION FOR SANCTIONS FOR FAILURE TO ATTEND MEDIATION**

COMES NOW the defendant, RF International, Ltd. ("RF"), by and through its counsel of record, and pursuant to D.Kan. Rules 7.1 and 11.1, responds to Plaintiff's Motion for Sanctions for Failure to Attend Mediation (Docs. 76 and 77) by proffering the following memorandum in opposition.

**I.    NATURE OF THE CASE**

Recently, RF filed two motions for partial summary judgment that lay out the nature of the case and the legal basis upon which this claim is being defended. See Docs. 78 and 80. In sum, defendant RF asserts that its relationship with plaintiff Inter-Ocean Seafood Trader, Inc. ("Inter-Ocean") was governed by defendant RF's Terms and Conditions. Furthermore, defendant RF's Terms and Conditions contain provisions that would either limit significantly, or eliminate completely, plaintiff Inter-Ocean's claims. The Court will note that plaintiff Inter-Ocean's "Statement of the Nature of the Matter" fails to mention this aspect of the case at

all, but instead seeks to highlight its allegations of "various failures by RF's personnel" in an effort to poison the well.

## II.     FACTS RELEVANT TO THE PENDING MOTION

Defendant RF, as a licensed customs broker, has in place a standard liability insurance policy.  In this instance, the policy is issued and underwritten by Beazley Limited ("Beazley"), a company operating in the Lloyd's Market in London.  See declaration of Robert Stewart, a copy of which is attached hereto as *Exhibit No. 3*.  Inasmuch as Beazley is based in the United Kingdom, it enters into various delegated authority agreements with law firms in countries in which its policies are sold.  There is currently in place a "Claims Handling Delegated Authority Agreement" between Beazley and Frilot LLC.  When Inter-Ocean made its claim against defendant RF, the matter was assigned to Frilot LLC pursuant to the Claims Handling Delegated Authority Agreement to be dealt with in accordance with its terms.  See declaration of Andrew deKlerk, a copy of which is attached hereto as *Exhibit No. 1*, and the declaration of Zareena Hussain, a copy of which is attached hereto as *Exhibit No. 2*.  There is nothing unusual about this, and almost all businesses in this country have liability insurance that provides for claims made against them to be handled by the insurer, whose money is ultimately at stake.

Pursuant to the terms of defendant RF's policy and the terms of the Claims Handling Delegated Authority Agreement, the management of defendant RF's defense of this particular case lies with Frilot LLC, and in particular with the undersigned counsel.  See declaration of Andrew deKlerk, a copy of which is attached hereto as *Exhibit No. 1*, the declaration of Zareena Hussain, a copy of which is attached hereto as *Exhibit No. 2*, and the declaration of Robert Stewart, a copy of which is attached hereto as *Exhibit No. 3*.  Thus, there was attendance at the

mediation by "a party *or* its representative with settlement authority" and the party's attorney "responsible for resolution of the case." In this instance, they happen to be the same person.

Mr. deKlerk, who attended the mediation in person, had settlement authority and was acting as the representative of defendant RF and defendant RF's insurer, Beazley, at the mediation. See the declaration of Andrew deKlerk, a copy of which is attached hereto as *Exhibit No. 1*. Furthermore, Zareena Hussain, the underwriter responsible for the policy at issue in this matter, confirms that Mr. deKlerk attended the mediation with settlement authority. See declaration of Zareena Hussain, a copy of which is attached hereto as *Exhibit No. 2*. Finally, Robert Stewart, the Vice President and Assistant General Counsel of defendant RF, confirms that Mr. deKlerk was the duly appointed representative of defendant RF with settlement authority at the mediation. See declaration of Robert Stewart, a copy of which is attached hereto as *Exhibit No. 3*. As such, the issue is not absence of authority, but rather the decision of Mr. deKlerk, acting on behalf of defendant RF and its insurer, to refuse to submit to the settlement demand made by plaintiff's counsel during the mediation. Consequently, Inter-Ocean's Motion for Sanctions should be denied.

## III.   ARGUMENT AND AUTHORITIES

Defendant RF attended the mediation in accordance with the rules. The applicable local rule states in pertinent part:

> (2) Attendance at Mediation Sessions by Persons with Settlement Authority. *Attendance by a party or its representative with settlement authority at the mediation is mandatory*, unless the court orders otherwise. The purpose of this requirement is to have the party or representative who can settle the case present at the mediation . . . *The parties' attorney(s) responsible for resolution of the case must also be present.*

D.Kan. Rule 16.3(c)(2) (*emphasis added*). Research by counsel for defendant RF has identified

only five cases have reviewed the requirements of D.Kan. Rule 16.3(c)(2).  See *Topolski v. Chris Leef General Agency*, 2012 WL 3238116 (D.Kan. 2012), *Hand v. Walnut Valley Sailing Club*, 2011 WL 3102491 (D.Kan. 2011), *E.E.O.C. v. Akal Sec., Inc.*, 2010 WL 3791075 (D.Kan. 2010), *Lamastus v. Bethany Home Ass'n of Lindsborg, Kan.*, 2006 WL 1360578 (D.Kan. 2006), and *Turner v. Young*, 205 F.R.D. 592 (D.Kan. 2002).

The seminal case on this local rule is undoubtedly *Turner v. Young*, 205 F.R.D. 592 (D.Kan. 2002).  In *Turner*, the Court analyzed the meaning of "[a]ttendance by a party representative with settlement authority", and held as follows:

> "Attendance" means to appear in person and participate directly, not to stand by or participate by telephone.  "[S]ettlement authority" means full, meaningful, authority.  A person with settlement authority does not need to pick up the phone to call anyone else to find out whether he or she can go higher or lower.  A person with settlement authority is "the" decisionmaker.  He or she is the person who has the authority to meet the other party's demand, *even if he or she chooses not to do so*.

*Turner*, 205 F.R.D. at 595 (*emphasis added*).  As such, in order for a party to comply with the requirements of D.Kan. Rule 16.3, it must satisfy three criteria: (1) a party representative must attend in person; (2) that party representative must have full authority to settle the matter; and, (3) the attorney responsible for the resolution of the case must appear in person.  Defendant RF complied with these three requirements.

As a matter of practicality, defendant RF submits that the defense of this matter is being conducted by its insurer and any award or settlement will be paid by said insurer.  Mr. deKlerk of Frilot LLC is counsel of record for this proceeding.  In addition to serving as counsel, Mr. deKlerk also performs claims handling work for defendant RF's insurer, Beazley.  Pursuant to that claims handling work, Mr. deKlerk is fully authorized to settle claims on behalf of defendant

RF and its insurer.  Mr. deKlerk's authority for settlement does have a monetary limitation.  However, without violating any confidentiality or running afoul of Federal Rule of Evidence 408, Mr. deKlerk can affirmatively state that with respect to all offers of settlement made on behalf of plaintiff Inter-Ocean, Mr. deKlerk's settlement authority was never exceeded (*i.e.*, he did not have to seek more authority to settle the case).  See declaration of Andrew deKlerk, a copy of which is attached hereto as *Exhibit No. 1*.  Stated another way, at all times relevant hereto, Mr. deKlerk was and is the "decisionmaker."   Mr. deKlerk did not need to make a phone call to find out whether he could have offered more money or taken less to settle the outstanding claims.   Although Mr. deKlerk had authority to meet plaintiff Inter-Ocean's demand, he simply chose not to do so based on his understanding of the evidence to date and the law applicable to this matter.

Defendant RF has been unable to find any explicit statement in the local rules, in the decisions of the United States District Court for the District of Kansas, or the United States Court of Appeals for the Tenth Circuit that prohibits the representative with full settlement authority from also being the attorney responsible for the resolution of the case for purposes of complying with D. Kan. Rule 16.3.  In this regard, plaintiff Inter-Ocean's reliance on *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989) is misplaced, as the case originates from the United States Court of Appeals for the Seventh Circuit.   In contrast, the United States Court of Appeals for the Fifth Circuit allows an attorney to serve as the representative of the client during mediations. Realizing that neither the Tenth Circuit nor the District of Kansas has spoken to this precise issue, defendant RF submits it would be unfair to penalize its counsel for a good faith error, if one is found by the Court.

Lastly, it should be noted that for more than a year, defendant RF has tried to resolve this matter. Defendant RF attended the mediation in good faith and was hopeful that a frank discussion would "improve communication between the parties and provide the opportunity for greater litigant involvement in the earlier resolution of disputes, with the ultimate goal of securing the just, speedy, and inexpensive disposition of civil cases." D.Kan. Rule 16.3(a). The mediation proved to be unsuccessful, but the failure of the parties to reach a resolution of this case was not the result of a lack of effort by defendant RF or its alleged failure to comply with a local rule. Understanding that "the court cannot, nor will it force parties to settle", plaintiff Inter-Ocean has now turned to litigating against Mr. deKlerk.

## IV.     CONCLUSION

Because defendant RF sent a representative with settlement authority and its attorney responsible for the resolution of the case to the mediation in conformance with D.Kan. Rule 16.3, defendant RF prays that the Court deny Plaintiff's Motion for Sanctions for Failure to Attend Mediation.

Respectfully Submitted,

s/   Paul J. Skolaut
J. Philip Davidson, KS 14642
pdavidson@hinklaw.com
Paul J. Skolaut, KS 22143
jskolaut@hinklaw.com
HINKLE LAW FIRM LLC
301 North Main Street, Suite 2000
Wichita, Kansas 67202
Tel:   (316) 267-2000 (office)
Tel:   (316) 660-6205 (JPD direct)
Tel:   (316) 660-6220 (PJS direct)
Fax:   (316) 264-1556
**Attorneys for Defendant
RF International, Ltd.**

        and

        Andrew S. de Klerk
        adeklerk@frilot.com
        Brandon K. Thibodeaux
        bthibodeaux@frilot.com
        FRILOT LLC
        1100 Poydras Street, Suite 3700
        New Orleans, Louisiana   70163
        Tel:   (504) 599-8010 (work)
        Fax:   (504) 599-8110
        **Attorneys for Defendant**
        **RF International, Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2012, I electronically filed the foregoing **DEFENDANT RF INTERNATIONAL LTD.'S RESPONSE AND MEMORANDUM IN OPPOSITION TO PLAINTIFF INTER-OCEAN SEAFOOD TRADER, INC.'S MOTION FOR SANCTIONS FOR FAILURE TO ATTEND MEDIATION** with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Mark D. Katz, KS 12745
>Lawrence E. Nordling, KS 19299
>CORONADO KATZ, LLC
>14 West Third Street, Suite 200
>Kansas City, Missouri 64105
>Direct Dial: (816) 410-6558
>Telephone: (816) 410-6600
>Facsimile: (816) 337-3892
>mark@coronadokatz.com
>
>Timothy S. O'Hara, Attorney at Law
>1611 Borel Place, Suite #6
>San Mateo, California 94402
>Telephone: (650) 212-1800
>Facsimile: (650) 212-1801
>Ohara.tim@sbcglobal.net
>**Attorneys for Plaintiff Inter-Ocean Seafood Trader, Inc.**

                                        s/ Paul J. Skolaut
                                        Paul J. Skolaut, #22143