IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF KANSAS

INTER-OCEAN SEAFOOD TRADER, INC.,

    Plaintiff,

v().

RF INTERNATIONAL, LTD.,

    Defendant.

Case No. **2:12-CV-02268-KGG**

## REPLY MEMORANDUM IN SUPPORT OF SANCTIONS

COMES NOW Inter-Ocean Seafood Trader, Inc. ("Inter-Ocean"), by its counsel of record, and files this reply memorandum in support of its motion for sanctions against RF International, Ltd. ("RF") for failure to attend court-ordered mediation.

## STATEMENT OF THE NATURE OF THE MATTER

The parties have provided their statements, and there is nothing further to add in this regard.

## STATEMENT OF FACTS

RF's statement of facts is principally based on three declarations purporting to establish that Louisiana counsel, Andrew deKlerk, had authority to settle the case on behalf of RF at the mediation. These declarations are undercut by Mr. deKlerk's statements in an email dated November 8, 2012 (Exhibit 1). In the email, Mr. deKlerk made the following statements:

1. Even though I have authority to settle the case, *there are many "moving parts" on my side of the case* including the Underwriter on the policy, the Syndicate Claims Manager, the General Counsel for the Insured, and the individuals at RF International *with whom I should consult.*

      \* \* \* \*

5. It was my impression that, under the circumstances, the best way to resolve the case would be for *you to make a demand which I could then discuss with all my "moving parts" and thereafter try to find a resolution* ….

\* \* \* \*

…. *We are currently doing further research on this issue* [related to motions for partial summary judgment].

\* \* \* \*

In light of the above, I would request that you "lower the temperature" and allow me to complete the research on the legal issue *so that I can justify my position to all the moving parts on my side.*

Exhibit 1 (emphasis supplied).

Also of note is RF's reliance on a document entitled "Claims Handling Delegated Authority Agreement." RF's statement of facts and supporting declarations make liberal reference to this document and the authority it conferred upon Mr. deKlerk, but the document itself is not attached for review by the Court or counsel. Neither the Court nor counsel should be required to rely upon the interpretations in witnesses' declarations if the document exists, and no explanation is provided for RF's failure to attach it.

## ARGUMENT

RF concedes, as it must, that it failed to send someone to the mediation who held a position at RF or at its insurer. RF's argument, boiled down, is this: Our lawyer showed up, and he had authority, and if that was insufficient, we did not know it. RF's apparent reasoning was that sending the appropriate person to the mediation would have been too expensive. RF is wrong on the facts and wrong on the law.

*Mr. deKlerk did not have authority required by local rule.*

Notwithstanding the three declarations submitted by RF, and even assuming an attorney for a party can fulfill the requirements of D.Kan. Rule 16.3(c)(2), Mr. deKlerk did not have the

2

authority required by local rule. In fact, Mr. deKlerk's authority was similar to an insurance representative's authority which Judge O'Hara found to be inadequate in *Turner v. Young*, 205 F.R.D. 592 (D.Kan. 2002). In *Turner*, the court found fault with the defendant because the insurance representative at the mediation did not have the final say on settlement; the insurance company had determined the value of the case and gave its representative settlement authority limited to the pre-determined value. When the representative was faced with an unanticipated situation, he had to call his supervisor to find out what to do. *Id*. at 595. The court noted: "[The insurance representative] is a paradigm example of the type of person who does not have the required settlement authority." *Id*.

Mr. deKlerk admitted in his declaration that he had "settlement authority discretion up to a monetary *limitation*." *See* Declaration of Andrew S. deKlerk, ¶3 (emphasis supplied). Mr. deKlerk admitted even more limitations in his email dated November 8, 2012. Before he could respond to Inter-Ocean's demand in the mediation, he had to "*justify* [his] position to *all the moving parts* on [his] side." *See* Exhibit 1 (emphasis supplied). These "moving parts" included the underwriter, the syndicate manager, the insured's general counsel and individuals at RF. In other words, Mr. deKlerk was incapable of making a decision at the mediation without consulting the "moving parts." As the *Turner* decision makes clear, RF should have sent the "moving parts" to the mediation along with Mr. deKlerk. *See Turner*, at 595.

What is perhaps more damning, is RF could have avoided the expense to Inter-Ocean by being candid about its position prior to the mediation. Even though Mr. deKlerk claimed in his declaration to have had some measure of authority, his email mentioned the need to do "further research." His email referenced his client's anticipated summary judgment motions (which have

3

since been filed), and clearly evinced a preference to file them rather than respond to a demand for settlement during mediation. *See* Exhibit 1, ¶5.

Before the mediation occurred, Mr. deKlerk clearly knew he would not respond to a demand during the mediation. Nevertheless, he did not mention his need for "further research," his need for further analysis of RF's potential motions for summary judgment, or his need to consult his "moving parts" when Inter-Ocean's counsel called to determine whether the mediation should proceed. When Inter-Ocean's counsel called Mr. deKlerk six weeks before the mediation and followed up by email to determine if the conditions were appropriate for the mediation to go forward, Mr. deKlerk could have raised these issues and the parties could have addressed them with the Court. Mr. deKlerk did not, and Inter-Ocean spent a large sum of money needlessly. At the same time, RF saved its money by not appearing. Undoubtedly, if RF and its insurer had spent the money to send its representatives to the mediation, they would have taken the mediation more seriously (which presumably is the point of D.Kan. Rule 16.3(c)(2)).

### *Mr. deKlerk is not a "party or its representative" under the local rule.*

The second prong of RF's argument is that it simply did not know that it had to send a representative other than its lawyer to the mediation; yet, the local rules are abundantly clear: "The mediation process is intended to improve communication among the *parties* and provide the opportunity for *greater litigant involvement* in the earlier resolution of disputes, with the ultimate goal of securing the just, speedy, and inexpensive disposition of civil cases. D.Kan. Rule 16(a) (emphasis supplied). Therefore, "[a]ttendance by a *party or its representative with settlement authority* at the mediation is mandatory." D.Kan. Rule 16(c)(3)(emphasis supplied). The rule distinguishes between the attendance of the party or its representative and its attorney by mandating that "[t]he parties' attorney(s) responsible for resolution of the case must *also* be

present." *Id*. In other words, the rule requires both the party and its lawyer to attend the mediation, not one or the other.

Ignoring the language of the rule, RF relies on the absence of on-point decisions in this jurisdiction in an effort to suggest it should not be sanctioned; however, the cases RF cites show this jurisdiction's strong feelings about making sure the parties to the case attend court-ordered mediation. In addition to *Turner*, RF cites *Topolski v. Chris Leef General Agency*, 2012 WL 3238116 (D.Kan. 2012). *Topolski* is of no help to RF, because unlike the case at bar, the defendant actually appeared at the mediation; the question was whether the defendant should be sanctioned because its insurer, a non-party, failed to appear. In *E.E.O.C. v. AKAL Security, Inc.*, 2010 WL 3791075 (D.Kan. 2010), the defendant escaped sanction, in part, because it sent its highest ranking human resources executive to the mediation; in other words, the defendant showed up. In *Lamastus v. Bethany Home Ass'n of Lindsborg, Kan.*, 2006 WL 1360578 (D.Kan. 2006), the court chose not to sanction the bankruptcy trustee for failing to appear at the mediation, because at the time of the mediation, the trustee had not yet been added as a party to the case. As the court observed, "[the trustee] is now a named party in this lawsuit and subject to the court's jurisdiction. She must comply with the federal rules of civil procedure as well as all local rules applicable to a party." *Id*., at *4. In short, when parties attend mediation, they are not sanctioned. In the case at bar, the party did not show up – in clear violation of the local rules.

RF has not supplied the Court with a factual justification, and the law provides no legal excuse, for its failure to attend the mediation in this case. In light of Inter-Ocean's counsel's attempt to determine whether the cost of the mediation could be avoided by informal settlement talks or an assessment of the potential for success of the mediation, RF's failure to appear smacks of bad faith. As Judge O'Hara instructed litigants and lawyers in 2002:

5

> This opinion will be submitted for publication with the intent of ensuring that attorneys and litigants are aware that the undersigned expects ***party representatives with full, meaningful settlement authority to personally appear and directly participate in … mediation sessions*** facilitated by a private mediator.  Any party that devotes its time, resources, and efforts to send an authorized representative to a mediation session should be able to expect the same courtesy from all other parties…. However, the court can ensure that, when appropriate, the parties put forth their best efforts to engage in meaningful settlement negotiations.

*Turner*, at 596 (emphasis supplied).

D.Kan. Rule 16(c)(5) permits the court to impose sanctions in appropriate circumstances when a party fails to attend a court-ordered mediation.  It would be difficult to imagine circumstances in which the imposition of sanctions would be more appropriate than in this matter.

### *Amount of sanctions.*

Pursuant to Fed. R. Civ. P. 16(f)(2), one measure of sanctions is the expenses and attorney fees incurred because of the noncompliance.  In preparing to respond to RF's memorandum in opposition to the imposition of sanctions, Inter-Ocean became aware of a small miscalculation of attorney fees and expenses in its original memorandum.  Additionally, Inter-Ocean has incurred additional attorney fees in reviewing RF's memorandum and exhibits and preparing this response.  Accordingly, Inter-Ocean amends the amount of its request for sanctions as follows:

> Inter-Ocean incurred the following expenses as a result of the mediation:
>
> | | |
> |---|---|
> | Attorney fees (21.4 hours @ $200.00/hour) | $4,280.00 |
> | Airfare | $  674.20 |
> | Hotel and Meals | $  658.10 |
> | Public transportation to and from SFO | $    16.50 |
> | Airport parking in KC | $    26.24 |
> | **SUB-TOTAL** | **$5,655.04** |

6

Additionally, Inter-Ocean has incurred the following attorney fees attendant to addressing this issue, either by communication with RF's attorneys, or by preparation of the motion and responding to RF's memorandum:

| | |
|---|---|
| Attorney fees (5.5 hours @ $200.00/hour) | $1,100.00 |
| <u>Attorney fees (5.0 hours @ $200.00/hour – Reply)</u> | <u>$1,000.00</u> |
| **SUB-TOTAL** | **$2,100.00** |
| | |
| **TOTAL ATTORNEY FEES AND EXPENSES** | **$7,755.04** |

Respectfully submitted,

**CORONADO KATZ LLC**

 s/  Mark D. Katz
Mark D. Katz
mark@coronadokatz.com
Kansas Bar Number:  12745
Lawrence E. Nordling
larry@coronadokatz.com
Kansas Bar Number:  19299
14 West Third Street, Suite 200
Kansas City, MO  64105
Telephone:   (816) 410-6600
Facsimile:    (816) 337-3892

and

Timothy S. O'Hara
ohara.tim@sbcglobal.net
1611 Borel Place, Suite 6
San Mateo, CA  94402
Telephone:  (650) 212-1800
Facsimile:  (650) 212-1801

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing document was served on the parties herein on December 10, 2012 by the notice of electronic filing automatically generated by the Court's CM/ECF electronic filing system:

| | |
|---|---|
| J. Philip Davidson | Andrew de Klerk |
| Paul J. Skolaut | Brandon K. Thibodeaux |
| Hinkle Law Firm, LLC | Frilot LLC |
| 301 North Main Street, Suite 2000 | 1100 Poydras Street, Suite 3700 |
| Wichita, Kansas 67202 | New Orleans, Louisiana 70163 |

    ATTORNEYS FOR RF INTERNATIONAL, LTD.

            s/ Mark D. Katz
               Attorney