# Mark Katz

| | |
|---|---|
| **From:** | deKlerk, Andrew S. |
| **Sent:** | November 08, 2012 4:51 PM |
| **To:** | Mark Katz |
| **Cc:** | Larry Nordling; ohara.tim@sbcglobal.net; Paul Skolaut; pdavidson@hinklaw.com; Thibodeaux, Brandon |
| **Subject:** | RE: Inter-Ocean Seafood Trader v. RF International |

Dear Mark,

With the greatest respect, I think you are jumping the gun.

At the close of the mediation, you made a proposal to settle on the basis of a payment of 100 percent of your alleged damages and unilaterally imposed an unrealistic 48 hour deadline in a case that won't be tried until June of next year, i.e., some eight months from now.  Your proposal has not been accepted.  In my submission, I cannot be sanctioned for not accepting an unrealistic proposal at a mediation.  Moreover, to threaten me with sanctions if I do not settle "today" misconstrues the nature of a mediation.  I do not think that the mere fact that a mediation took place requires a party to settle failing which they can be sanctioned.

Before filing a motion for sanctions, your client should be cognizant of the following factors:

1. Even though I have authority to settle the case, there are many "moving parts" on my side of the case including the Underwriter on the policy, the Syndicate Claims Manager, the General Counsel for the Insured, and the individuals at RF International with whom I should consult.  Again, to make a demand for payment of the full amount of your claim, and an agreement to settle in 48 hours of making that demand, and then threatening sanctions if it is not accepted, is in our view unreasonable.
2. Your client would do well to remember that we were begging his previous counsel to negotiate a settlement, which he refused to do, causing us to expend a tremendous amount of money on motion practice, which probably could have been avoided.  This aspect of the case was exacerbated by your client filing suit in state court, in California, in complete derogation of the terms and conditions upon which he himself relies and which were attached to his Complaint.  The cost of removal, and the motion to transfer, were incurred completely unnecessarily in our view and have contributed to making this case much more difficult to settle.
3. The mediator was chosen by your client's previous counsel as was the venue, which incidentally is outside the district in which the case is pending.  We agreed to your choice of mediator and your choice of venue in good faith even though it meant additional expense.
4. I attended the mediation in good faith with proper authority to settle, but only on a reasonable basis.  It would have made no sense to bring someone from London to attend in light of the fact that I had the requisite authority.  Even the mediator agreed that it made no sense to force somebody from London to come to San Francisco for this particular mediation.
5. It was my impression that, under the circumstances, the best way to resolve the case would be for you to make a demand which I could then discuss with all my "moving parts" and thereafter try to find a resolution bearing in mind that we were about to file two motions that have a very good chance of success and which would limit my client's liability to $100.  The motion deadline has yet to run and we are well within the time limit for filing.  The fact that we did not comply with your demand, both monetarily and time wise, means that me and my clients are considering the position in the context of the chances of the motions succeeding versus the amount that you might recover if they do not.

It remains my intention to make a proposal to settle the case based on the chances of the motions succeeding.  However, as we discussed very frankly, we believe the law as set forth in the ABN Amro case supports our position that the limitation should apply.  As we understand it, you will attempt to distinguish the case on the basis that the insurance offer does not equate to the ability to declare a higher value.  We are currently doing further research on this issue.  In the

meantime however I cannot and will not tell my client that we will pay the full amount of your damages and ignore the limitation in the terms and conditions even if you think I can be sanctioned for not complying with your proposal.

In light of the above, I would request that you "lower the temperature" and allow me to complete the research on the legal issue so that I can justify my position to all the moving parts on my side.  Realize also that on top of this we are attempting to comply with your extremely broad discovery requests whereby significant expenses are being incurred on our side of the case rather than yours.  Understand that I have the requisite authority to settle the case but I do not want to exercise that authority without achieving a consensus and making sure that it is based on the proper legal and factual criteria.

Kind regards,

Andrew S de Klerk ~ Frilot LLC
1100 Poydras Street  Suite 3700, New Orleans, La. 70163
Ph +1 504 5998010  Mob +1 504 4425927  Email adeklerk@frilot.com

---

**From:** Mark Katz [mailto:mark@coronadokatz.com]
**Sent:** Thursday, November 08, 2012 11:24 AM
**To:** deKlerk, Andrew S.
**Cc:** Larry Nordling; ohara.tim@sbcglobal.net; Paul Skolaut; pdavidson@hinklaw.com
**Subject:** Inter-Ocean Seafood Trader v. RF International

Dear Andrew:

When last we spoke, I understood you would get back to me with the insurance company's intentions by close of business yesterday.

As you know, my client went to great expense to have me present at the mediation.  Neither your client nor its insurance company chose to attend the mediation, and they were not available by telephone or any other means.  Nobody with settlement authority was present on behalf of RF or its insurance company. Local rules, in particular D.Kan. Rule 16.3, speak to this issue:

> 1. "Attendance by a party or its representative with settlement authority at the mediation is mandatory, unless this court orders otherwise.  The purpose of this requirement is to have the party or representative who can settle the case present at the mediation." D.Kan. Rule 16.3(c)(2).
> 2. "Unless all parties agree, only the court may excuse the presence of a person with settlement authority from attending the mediation in person." D.Kan. Rule 16.3(c)(4).
> 3. "In appropriate circumstances, the court may impose sanctions pursuant to Fed.R.Civ.P. 16(f)." D.Kan. Rule 16.3(c)(5).

By failing to appear at the mediation, your client violated both the court order and the local court rule.  Considering my client's outlay in attorney fees and travel expenses, and my efforts to eliminate those costs by calling you and emailing you to determine whether we could settle the case in the weeks before the mediation and whether your client's representative would have authority beyond what was previously offered, I can make a compelling case for sanctions.

If the case is not resolved today, I will recommend my client authorize me to prepare and file a motion for sanctions.  I expect to request attorney fees and expenses in the neighborhood of $6,000, in addition to whatever other sanction the court might choose to impose.  Fed.R.Civ.P. 16(f) ["Instead of

or in addition to any other sanction, the court must order the party, its attorney or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance …."].

Regards,

Mark

*Mark D. Katz*
(816) 410-6524 – direct
(816) 560-5825 – cell
mark@coronadokatz.com



14 West Third Street, Suite 200
Kansas City, Missouri 64105
(816) 410-6600 – general
(816) 337-3892 – fax
www.coronadokatz.com