# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| INTER-OCEAN SEAFOOD TRADER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-2268-KGG |
| | ) | |
| RF INTERNATIONAL, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO ATTEND MEDIATION

Before the Court is Plaintiff's Motion for Sanctions for Failure to Attend Mediation. (Doc. 77.) Plaintiff contends that Defendant violated D. Kan. Rule 16.3 when it "failed to send a representative with authority to a mediation scheduled by the parties in accordance with this Court's order dated August 22, 2012 [Doc. 74]." (Doc. 77, at 2.) For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

The Court's Scheduling Order included a section relating to alternate dispute resolution and required that the parties engage in mediation "no later than **November 19, 2012** . . . ." (Doc. 74, at 2, emphasis in original.) Plaintiff states, and Defendant does not dispute, that Plaintiff attempted to communicate with

Defendant prior to the mediation, with no response, regarding whether Defendant's representative at the mediation would have "settlement authority in excess of the previously offered amount . . . ." (Doc. 77, at 2.) Defendant contends, and Plaintiff does not dispute, that its "representative" at mediation, attorney-of-record Andrew deKlerk, handles claims work for Defendant's insurer and also acts as counsel for Defendant. (Doc. 87, at 4.) Defendant further contends, and Plaintiff does not dispute, that deKlerk was authorized to settle claims on behalf of Defendant and Defendant's insurer, but that his "authority for settlement does have a monetary limitation." (*Id.*, at 4-5.)

In support of Defendant's response, Mr. deKlerk submitted a sworn declaration stating that at the mediation he "had the authority to meet [the Plaintiff's] demand, but I chose not to do so based on my views of the legal merits of the case." (Doc. 87-1). In an e-mail exchange with Plaintiff's counsel after the mediation in response to Plaintiff's complaint about the lack of party, or insurer, representation at the mediation, Mr. deKlerk expanded that even though he had authority to settle, "there are many 'moving parts' on my side of the case including the Underwriter on the policy, the Syndicate Claims Manager, the General Counsel for the Insured, and the individuals at [Defendant] with whom I should consult." (Doc. 96-1.) He further communicated to Plaintiff's counsel that "the best way to resolve the case would be for you to make a demand which I could then discuss

with all my 'moving parts' and thereafter try to find a resolution . . . ." (*Id.*)

## DISCUSSION

D. Kan. Local Rule 16.3(c)(2) provides that unless the Court provides permission, attendance at mediation by a party or its representative with settlement authority is "mandatory." "The purpose of this requirement is to have the party or representative who can settle the case present at the mediation." *Id*. Parties are also required to have present an attorney "responsible for resolution of the case . . . ." *Id*.

It is undisputed that the individual representing Defendant at the mediation, Andrew deKlerk, is Defendant's attorney of record, performs claims handling for Defendant's insurer, and also had settlement authority up to a certain "monetary limitation." (Doc. 87, at 4-5.) Defendant contends that even with this limitation, deKlerk's presence satisfied the local rule. The Court does not agree.

Both parties cite **Turner v. Young**, 205 F.R.D. 592 (D. Kan. 2002) as the preeminent case interpreting this local rule. In **Turner**, Magistrate Judge O'Hara addressed a similar issue in a matter of first impression regarding this local rule. The defendant in that case sent its attorney as well as Scott Glow, a representative of its liability insurance carrier, to the mediation. It was undisputed by the parties that Glow had $25,000 authority to settle the matter. *Id*., at 595. The defendant in **Turner** argued that because this amount was the "most" it was willing to offer to

settle the plaintiff's claims, Glow came to the mediation with "full authority." *Id*.

Judge O'Hara was not convinced.

> Glow is a paradigm example of the type of person who does not have the required settlement authority. At the beginning of the mediation, when plaintiff's counsel communicated that she was only willing to discuss settlement of plaintiff's personal injury claims, Glow called [Tony] Sarchet [a representative at the insurance carrier's home office] to find out how high he could go to settle only those claim [sic]. Thus, Sarchet was the person with the required settlement authority, and defendant should have sent him to the mediation.

*Id*. The Court finds that Mr. Sarchet in the ***Turner*** case is analogous to the various "moving" parts referenced in deKlerk's email, discussed above. (Doc. 96-1.) Although deKlerk had limited settlement authority, he did not have the "full, meaningful authority" as anticipated by the ***Turner*** decision or D. Kan. Rule 16.3(c). 205 F.R.D. at 595. If the attorney "should" communicate with his client or insurers before accepting an offer, his authority is not "meaningful." Those persons must be present to participate in the mediation.[1] As such, the Court **GRANTS** Plaintiff's motion.

Additionally, a party's participation in a mediation by the attorney of record

---

[1]The Court has insufficient information to opine concerning which specific defendant and insurer representatives should have been present. Certainly persons whose opinions would have to be changed by the experience of the mediation to accept the demand were needed. If the attendance of such persons was impossible or impractical, the parties could be excused from the Court's order to mediate. The Defendant made no such request.

alone, whatever his authority, will rarely be sufficient. The purpose of a mediation is to engage the parties, not only the attorneys, in the mediation process. It is "intended to improve communication among the parties and provide the opportunity for greater litigant involvement in the earlier resolution of disputes." D. Kan. Rule 16.3. This is why the rule separately addresses participation by parties *and* counsel. The Court agrees with defense counsel's assertion that he "should" consult with his clients about offers. *See* Kansas Rules of Professional Responsibility 1.4 and Comment 1.[2] "Even when a client delegates authority to the lawyer, the client should be kept advised of the status of the matter." Kan.R.Prof.Res. 1.4, Comment 1. Counsel can efficiently negotiate remotely without a mediator. The value of the mediation is for the mediator to engage the parties and counsel directly. The procedure of delegating full authority to the attorney frustrates this purpose by insulating the party from the mediator's counsel and advice.

The Court must now determine the appropriate amount of sanctions to impose. The Court finds that the number of hours billed and hourly attorney fee listed by Plaintiff are both reasonable, as are the expenses. Further, Defendant's response to Plaintiff's motion makes no effort to discuss or dispute any of these amounts. The Court therefore orders Defendant to pay sanctions to Plaintiff in the

---

[2] These rules have been adopted by this Court. D. Kan. Rule 83.6.1(a).

amount of **$7,755.04**. This amount shall be delivered to the office of Plaintiff's counsel on or before **February 28, 2013**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 5th day of February, 2013.

                               S/ KENNETH G. GALE
                               KENNETH G. GALE
                               United States Magistrate Judge